487 A.2d 814

**A.B. KYLE, Appellant,**

**v.**

**McNAMARA & CRISTE and Nathan Criste, Appellees.**

Supreme Court of Pennsylvania.

Submitted Dec. 3, 1984.

Decided Feb. 13, 1985.

632

A.B. Kyle, I.P.P., pro se.

Paul J. Gelman, Howland W. Abramson, Charles W. Johns, Philadelphia, for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDER-MOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

ZAPPALA, Justice.

Appellant seeks review of the Superior Court's affirmance, 325 Pa.Super. 623, 473 A.2d 685, of the order of the Court of Common Pleas of Bucks County sustaining defendants' preliminary objections in the nature of a demurrer. Because we find error in the decisions of both lower courts, we reverse and remand.

In his Complaint, Appellant alleged that he had enlisted the services of the Appellees, Nathan Criste and his law firm, to prosecute a private criminal action against the Appellant's wife's paramour. The Complaint further al-

leged that Appellee Criste, upon interviewing Appellant, informed him that it would be necessary for Appellant to make a full and candid disclosure of all matters touching on the prosecution. At that point, it was alleged, Appellant and Appellee Criste agreed that in consideration of this disclosure, Appellees, having been retained as counsel, would not accept future legal employment inconsistent or in conflict with the confidential information given to them by the Appellant. Subsequent to this alleged agreement, Appellee Criste accepted an appointment as a Master in the divorce proceedings instituted by Appellant's wife against Appellant. Having asserted these facts, the Appellant filed suit against Appellees in assumpsit claiming a breach of the agreement not to accept legal employment inconsistent with Appellant having disclosed confidential information to them. The Appellees filed preliminary objections in the nature of a demurrer and a motion to strike the Complaint. These objections were sustained by the lower court, affirmed by the Superior Court, and are now before us for review.

The standard of review of an appellate court in passing on a challenge to the sustaining of a preliminary objection in the nature of a demurrer was recently stated in *Mahoney v. Furches*, 503 Pa. 60, 66, 468 A.2d 458, 461, 462 (1983), quoting *Vattimo v. Lower Bucks Hospital, Inc.*, 502 Pa. 241, 244, 465 A.2d 1231, 1232–33 (1983) as follows:

> All material facts set forth in the Complaint as well as all inferences reasonably deducible therefrom are admitted as true for [the purpose of this review.] *Clevenstein v. Rizzuto*, 439 Pa. 397, 266 A.2d 623 (1970). The question presented by the demurrer is whether on the facts averred the law says with certainty that no recovery is possible. *Hoffman v. Misericordia Hospital of Philadelphia*, 439 Pa. 501, 267 A.2d 867 (1970). Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it. *Birl v. Philadelphia Electric Co.*, 402 Pa. 297, 167 A.2d 472 (1960).

The Appellees' first assert by way of demurrer that the Complaint failed to establish the existence of a contract

or agreement, arguing that the Appellant could not have solicited private counsel to prosecute a criminal complaint. However, as correctly noted by the Superior Court, 16 P.S. § 1409 allows private counsel to act as prosecutor in limited situations where the District Attorney neglects or refuses to prosecute a complaint. Therefore, had Appellant been allowed to amend his complaint as he requested, we agree it would have facially set forth the necessary elements to establish a valid contract, although we need not concede for the purposes of this appeal that the same in fact existed.

■ Additionally, by way of demurrer, the Appellees contend that Criste was protected by "quasi-judicial immunity" and further raise the statutes of limitation on contract actions and actions against government officials as barring suit. Immunity from suit and waivable statutes of limitation are affirmative defenses which must be pleaded under new matter. *See* Pa.R.Civ.P. 1030. They are not properly raised as matters within the purview of preliminary objections. *See* Pa.R.Civ.P. 1017(b)(4).[1] For this reason, Appellees have raised no valid objection to Appellant's complaint which would be properly before the trial court on preliminary objections. We therefore hold that viewing the facts stated in the Complaint under the applicable standard of review, Appellant has pleaded facts sufficient to allow the action to proceed.

Reversed and remanded for proceedings consistent with this opinion.

FLAHERTY and PAPADAKOS, JJ., join in this majority opinion and also join in HUTCHINSON's, J., concurring opinion.

HUTCHINSON, J., joins in this majority opinion and also files a concurring opinion.

---

1. It should be noted that subsequent to the instant action, Rules 1030 and 1017(b)(4) were amended December 16, 1983, effective July 1, 1984. Specifically, Rule 1017(b)(4) was changed to exclude *all* claims of statute of limitations by way of the demurrer. Formerly, Rule 1017(b)(4) allowed the pleading of a *non-waivable* statute of limitations in the demurrer.

HUTCHINSON, Justice, concurring.

I join the majority opinion. However, I wish to note my view that our duty to supervise the judicial system requires a plain prohibition of the type of conflict here charged. No one should be permitted to serve a court as a Master in a cause in which he has represented one of the parties.

FLAHERTY and PAPADAKOS, JJ., join in the majority opinion and in this concurring opinion.