614 A.2d 303

**Stanley E. PREISER, Appellant,**

v.

**Richard ROSENZWEIG.**

Superior Court of Pennsylvania.

Argued March 4, 1992.

Filed Sept. 29, 1992.

Howard A. Specter, Pittsburgh, for appellant.

Avrum Levicoff, Pittsburgh, for appellee.

Before DEL SOLE, JOHNSON and FORD ELLIOTT, JJ.

JOHNSON, Judge:

In this appeal from an order sustaining preliminary objections in the nature of a demurrer, we are asked to determine whether an action in defamation grounded on a complaint against an attorney submitted to the Special Fee Determination Committee of the Allegheny County Bar Association may be dismissed on the basis of absolute or judicial privilege. Concluding that judicial privilege does not apply, we reverse and remand for further proceedings.

Stanley E. Preiser, Esquire, filed this civil action against Richard Rosenzweig, also an attorney, averring in his complaint that he had been defamed, both personally and professionally, as a lawyer, by Rosenzweig in a " 'Complaint' ... submitted to the Fee Dispute Committee of the Allegheny County Bar Association." Complaint Paragraph 5. The trial court sustained Rosenzweig's preliminary objections in the nature of a demurrer and entered an order dismissing the action with prejudice on the basis of absolute or judicial privilege.

Preiser, who is licensed to practice as an attorney in our sister states of Kentucky and West Virginia, has, on occasion, been admitted to practice *pro hac vice* in this Commonwealth. In May of 1990, Preiser had been retained by Rocco Viola, Jr., also an attorney, to represent Viola in a criminal matter pending in the United States District Court for the Western District of Pennsylvania. Following a dispute between Preiser and Viola over both the manner in which Preiser was representing Viola and the fees charged to Viola for this representation, Viola discharged Preiser as his attorney in August, 1990. In November of 1990, Preiser filed a breach of contract action against Viola in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, at Docket No. 90–32903. After Viola retained Rosenzweig to represent him in the fee dispute with Preiser, Rosenzweig prepared and submitted a complaint on Viola's behalf, personally verified by Viola, to the Allegheny County Bar Association Fee Dispute Committee. The Fee Dispute complaint alleged, in essence, that Preiser had overcharged

Viola for services performed and expenses incurred, had failed to itemize his time properly and had been inefficient. Paragraph 23 of the Fee Dispute Complaint, by which Preiser claims he was defamed, states, as follows:

> It became apparent to Viola that Stanley E. Preiser was suffering a mental or emotional impairment as evidenced by his actions and treatment of Viola as well as other counsel, his unnecessarily confrontational actions, irrational behavior and the wasting of time and energy on frivolous, unrelated matters. It was this exhibition of unbalanced and unlawyerlike behavior that necessitated the discharge of Stanley E. Preiser from the case. Preiser refused to talk to his client, Viola, and on many occasions, accosted other lawyers involved in the case in an overly abusive manner.

R. 17a–18a.

Preiser, contending that these statements, as published to the Fee Dispute Committee on February 14, 1991, were false and defamatory, brought this action in defamation against Rosenzweig. Rosenzweig filed preliminary objections asserting that the statements in the Complaint to the Special Fee Determination Committee are accorded absolute privilege under the laws of this Commonwealth. On June 19, 1991, the trial court granted the preliminary objections and dismissed the complaint determining the statements to be absolutely privileged on the basis of *Smith v. Griffiths*, 327 Pa.Super. 418, 476 A.2d 22 (1984). This appeal followed.

First, Preiser asserts that it is improper to raise the affirmative defense of "privilege," by preliminary objection. He maintains that "privilege" as an affirmative defense must be raised in "new matter" pursuant to Pa.R.C.P. 1030.

It is black-letter law that issues not raised in the trial court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). Where a party erroneously asserts substantive defenses in preliminary objections rather than to raise these defenses by answer or in new matter, the failure of the opposing party to file preliminary objections to the defective preliminary objections, raising the erroneous

defenses, waives the procedural defect and allows the trial court to rule on the preliminary objections. *Duquesne Slag Products v. Lench,* 490 Pa. 102, 415 A.2d 53 (1980); *Button v. Button,* 378 Pa.Super. 142, 548 A.2d 316 (1988). In this instance, the preliminary objections of Attorney Rosenzweig were properly before the trial court. Having failed to file preliminary objections to Rosenzweig's preliminary objections in the trial court, Preiser has failed to preserve this issue for appellate review. This issue is waived.

Next, we turn to our scope of review in this matter. In an appeal from an order sustaining a preliminary objection in the nature of a demurrer, our scope of review is plenary, the same as that used by the trial court: preliminary objections which result in the dismissal of the suit or the denial of the claim, should be sustained only in cases which are clear and free from doubt. 5 Standard Pennsylvania Practice 2d § 25.71 at 239–40. Where any doubt exists as to whether a demurrer should be sustained, it must be resolved in favor of overruling the demurrer. *Kyle v. McNamara & Criste,* 506 Pa. 631, 487 A.2d 814 (1985); *Baker v. Magnetic Analysis Corp.,* 347 Pa.Super. 188, 500 A.2d 470 (1985). The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. *Kyle v. McNamara & Criste,* 506 Pa. at 634, 487 A.2d at 816. A demurrer should be sustained only in cases where the plaintiff has clearly failed to state a claim upon which relief may be granted. *Eckell v. Wilson,* 409 Pa.Super. 132, 597 A.2d 696 (1991). A demurrer should not be sustained if there is any doubt as to whether the complaint adequately states a claim for relief under any theory of law. *Id.* Moreover, in reviewing the complaint, we are to regard all well-pleaded facts as true and to give Preiser the benefit of all favorable inferences that we could fairly deduce from these facts. *See Mazzagatti v. Everingham,* 512 Pa. 266, 516 A.2d 672 (1986).

Preiser argues that the trial court erred in characterizing the proceeding before the Special Fee Determination Committee of the Allegheny County Bar Association as a judicial proceeding. Preiser also contends that the reliance of the

trial court on *Smith v. Griffiths, supra,* to accord the Complaint, filed with the Fee Determination Committee, "judicial privilege," is misplaced. We agree.

The controlling case in this Commonwealth concerning judicial privilege is *Post v. Mendel,* 510 Pa. 213, 507 A.2d 351 (1986). In *Post,* Mendel, an attorney, sent a letter to his trial adversary, Post, with copies to the disciplinary board, the trial judge and one of Post's clients. Post filed a defamation action against Mendel based on statements contained in the letter. The trial court dismissed the defamation claim with prejudice. In *Post v. Mendel,* 336 Pa.Super. 467, 485 A.2d 1176 (1984), this court affirmed the trial court, holding that the statements in Mendel's letter were subject to judicial privilege. Our supreme court reversed, determining the "alleged defamatory letter ... [was not] ... issued in the regular course of judicial proceedings as a communication pertinent and material to the redress sought" and that the letter was not "within the sphere of activities which judicial immunity was designed to protect." *Id.,* 510 Pa. at 221–22, 507 A.2d at 355–356.

> [T]he protected realm [of judicial privilege] has traditionally been regarded as composed only of those communications which are issued *in the regular course of judicial proceedings* and which are *pertinent and material to the redress or relief sought* (emphasis in the original).

*Id.* The Supreme Court explained in discussing the facts in *Post* that the "alleged defamation did not in this instance occur in the pleadings, or in actual trial or the actual trial or argument of a case," stating:

> The reasons for the absolute privilege are well recognized. A judge must be free to administer the law without fear of the consequences. This independence would be impaired were he to be in daily apprehension of defamation suits. The privilege is also extended to parties to afford freedom of access to the courts, to witnesses to encourage their complete and unintimidated testimony in court and to counsel to enable him to best represent his clients interests.

*Id.,* 510 Pa. at 221, 507 A.2d at 355 *quoting Binder v. Triangle Publications, Inc.,* 442 Pa. 319, 323–24, 275 A.2d 53, 56 (1971).

In the present case, the trial court relied upon *Smith v. Griffiths, supra.* In *Smith,* the plaintiff was a lawyer who filed a defamation action against his wife's counsel in a divorce proceeding. The defamation was alleged to have occurred in letters written by wife's counsel to a court-appointed master conducting the hearing on wife's petition for alimony and other matters. Smith also alleged that he had been defamed by wife's lawyer during a pretrial conference in the judge's chambers. In *Smith,* the trial court sustained defendant's preliminary objections in the nature of a demurrer and was affirmed on appeal by this court. The petition for the allowance of appeal was denied by the supreme court on August 27, 1984.

 Rosenzweig argues that we adopt a broad approach in which the application of judicial privilege is not limited to formal judicial proceedings. We decline to do so. As an intermediate appellate court, we are not free to disregard the existing law of this Commonwealth and the decisions of our supreme court. *Dauphin Deposit Bank and Trust Co. v. Toyota Motor Corporation,* 408 Pa.Super. 256, 258, 596 A.2d 845, 851 (1991). Rosenzweig attempts to argue that *Smith* is indistinguishable on the facts from the present case. We disagree. *Smith* concerned statements made to judicial officers, a judge and a court-appointed special master, in a judicial proceeding. The present case involves statements made to neither a judge nor an officer appointed by the court, but a voluntary association of lawyers seeking to mediate a fee dispute.

Yet, it is not necessary that we decide which of these analyses is the one to be followed in Pennsylvania. We need not explore either the extent or the impact of a particular analysis. Such determinations are the prerogative of the Supreme Court of Pennsylvania; moreover, we are compelled to follow the Supreme Court decision in *Post* in factual situations of the same class. We have held that:

> Where the Supreme Court has spoken on a particular subject, it is our obligation, as an intermediate appellate court, to follow and apply that decision so as to establish

some measure of predictability and stability in our case law. In the absence of a legally relevant distinction between the facts of a previous case and the case before us, we are obliged to follow the dictates of the Supreme Court's decision in the prior case. Resolving cases by attempting to create irrelevant, factual distinctions impedes the application of *stare decisis*, the principal function of which is to imbue the judicial system with some measure of predictability and stability, and places the development of the law in a constant, uncertain state of flux such that neither practitioners nor trial judges can, with any degree of predictability, determine the proper application of the law to each new case involving similar facts that comes before them. It is also not our prerogative to apply different methods of analysis where the Supreme Court has made clear which particular analysis it believes should be applied to a particular situation.

*Malinder v. Jenkins Elevator & Machine Co.*, 371 Pa.Super. 414, 421–22, 538 A.2d 509, 513 (1988).

Mindful of these precepts, we have reviewed the record in this case. Therefore, although we would be free to apply a different analysis and obtain a different resolution of the present case if there were no precedent for us to follow, we are compelled to follow the analytical framework establish by the Supreme Court in *Post*, and we reach a similar conclusion.

Based on our review of the record, we are unable to construe the Allegheny County Fee Dispute Committee as a court. Consequently, we find no authority based on *Post*, *supra*, which would support the extension of judicial privilege, as defined by the Pennsylvania Supreme Court, to such non-judicial proceedings. Accordingly, we reverse the order of the trial court sustaining the preliminary objections in the nature of a demurrer and we remand this case for further proceedings in the trial court. While other issues were presented to the trial court by Rosenzweig's preliminary objections, these issues were not subject to any ruling by the trial court in the disposition of this case. Accordingly, we deem it inappropri-

ate for our Court to address such matters for the first time in this appeal.

The order of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion. Jurisdiction is not retained.

Order reversed, case remanded.

DEL SOLE, J., files a dissenting opinion.

DEL SOLE, Judge, dissenting:

The majority, based upon the conclusion that the judicial privilege does not extend to proceedings such as the instant fee determination dispute, has remanded the case for further proceedings in the trial court. I disagree.

Remand is required initially because it is not apparent from the record whether Appellant participated in the proceedings before the Special Fee Determination Committee of the Allegheny County Bar Association. The rules governing proceedings before the Committee require the agreement of both parties to participate in the proceedings and to have their dispute resolved by the Committee in order for the determination to be binding upon both of them. Therefore, the trial court must first determine whether Appellant agreed to participate. If he did not, the determination is not binding upon him and judicial immunity is inapplicable.

However, if it is determined that he did participate, judicial immunity should extend to protect the interests served by alternative dispute resolution proceedings such as the one in the instant case. Because such proceedings are designed to provide a forum for timely and conclusive resolution of disputes, the same privilege of judicial immunity should be extended to them, thus insuring the same efficiency inherent in the judicial process. Pennsylvania has no case law which prohibits the extension of immunity to alternative dispute resolution proceedings, and its public policy of facilitating efficient and effective resolution of disputes would be served by extending this privilege. Therefore, if both parties participated in the proceedings so as to be bound by the determina-

tion, the privilege would extend to protect statements made concerning Appellant in the complaint, and Appellant's claim of defamation would be dismissed.

I respectfully dissent.