621 A.2d 1036

NEWTOWN VILLAGE PARTNERSHIP

v.

Martin E. KIMMEL and Sherry Bogarde, H/W, Appellants

v.

NEWTOWN VILLAGE PARTNERSHIP and William L. Meritz.

Superior Court of Pennsylvania.

Argued Dec. 3, 1992.

Filed March 16, 1993.

54

Robert L. Seigle, Southampton, for appellants.

Robert J. Kupits, Newton, for appellees.

Before McEWEN, CIRILLO and HOFFMAN, JJ.

HOFFMAN, Judge:

 This appeal is from the May 8, 1992 order sustaining appellee William Meritz's preliminary objections and dismissing appellants' complaint against additional defendant William L. Meritz.[1] Appellants, Martin Kimmel and Sherry Bogarde, raise one issue on appeal:

Are the Defendants in a mortgage foreclosure action brought by Plaintiff Partnership prohibited from joining a principal of the Partnership and an Additional Defendant

[1] We note that we have jurisdiction to entertain this appeal because an order sustaining preliminary objections and dismissing a complaint against an additional defendant is a final and appealable order. *See Alexander v. Mastercraft Constr. Co.*, 455 Pa. 579, 317 A.2d 278 (1974); *Lamoree v. Penn Central Transp. Co.*, 238 Pa.Super. 380, 357 A.2d 595 (1976).

upon Defendants' allegations of fraud, deceit and misrepresentations in the mortgage inducement which are essentially the same as those averred in the Counterclaim against Plaintiff Partnership?

Appellants' Brief at 3. For the following reasons, we affirm.

Newtown Village Partnership ("Newtown") initiated an action to foreclose the mortgage dated December 22, 1989, given by appellants as mortgagors to Newtown. The mortgage was secured by appellants' residence at 251 Yellow Springs Court, Yardley, Bucks County. Appellants filed an answer with new matter and a counterclaim against Newtown alleging misrepresentations by Newtown. In addition, appellants filed a complaint against appellee, William L. Meritz, an officer/partner of Newtown as an additional defendant in which they sought damages as a result of alleged misrepresentations made by appellee to appellants. Appellee responded by filing preliminary objections asserting that appellants' complaint against appellee was in violation of Pa.R.Civ.P. 1141(a). The trial court sustained appellee's preliminary objections and dismissed the complaint against appellee. This timely appeal followed.

In reviewing an order sustaining preliminary objections in the nature of a demurrer, all material facts set forth in the complaint and all inferences reasonably deducible therefrom are admitted as true. *Eckell v. Wilson*, 409 Pa.Super. 132, 135, 597 A.2d 696, 698 (1991). A demurrer should be sustained only in cases in which the plaintiff has failed to state a claim on which relief may be granted. *Id.*

Pennsylvania Rules of Civil Procedure 1141–50 govern actions for mortgage foreclosure. Rule 1141(a) provides that an action at law to foreclose a mortgage upon any estate, leasehold or interest in land shall not include an action to enforce a personal liability. It is well-established that an action in mortgage foreclosure is strictly in rem and thus may not include an in personam action to enforce personal liability. *Insilco Corp. v. Rayburn*, 374 Pa.Super. 362, 368, 543 A.2d 120, 123 (1988); *Signal Consumer Discount Co. v. Babuscio*,

257 Pa.Super. 101, 109, 390 A.2d 266, 270 (1978). This restriction is equally applicable to a mortgagee and a mortgagor. *Id.*

■ Moreover, this court has held that because a mortgage foreclosure action is strictly "de terris" in nature, neither a mortgagee-plaintiff nor a mortgagor-defendant can join a party who has no interest in the controverted property. *Signal Consumer Discount Co.*, 257 Pa.Super. at 108, 390 A.2d at 270. In *Signal Consumer Discount Co.*, the mortgagor attempted to join an additional defendant based upon that party's failure to pay monthly loan obligations under the provisions of a disability insurance policy which the mortgagee was required to purchase. The mortgage was conditioned upon the purchase of such a policy. We concluded that the Pennsylvania Rules of Civil Procedure do not permit a defendant in a mortgage foreclosure action to join an additional defendant whose purported liability to either the original defendant or the mortgagee is based upon an assumpsit claim. *Id.* at 109, 390 A.2d at 270.

Although the rules permit a counterclaim against Newtown, the mortgagee, they do not permit an in personam action against, appellee, a party with no interest in the property. Appellants concede that a literal interpretation of the rules of civil procedure would preclude their joinder of appellee. Nevertheless, appellants argue that the rules ought to be relaxed in situations where, as here, "fraud, misrepresentation and deceit are pleaded on facts that are inextricably associated with the inducement of the mortgage, and aver sole, several or liability over ... [and] where the Additional Defendant sought to be joined is the General Managing Partner of Plaintiff–Mortgagee Partnership." Appellant's Brief at 9.

■ However, appellants' argument is in conflict with this court's holding in *Signal Consumer Discount Co.* which stood for the broad proposition that the Pennsylvania Rules of Civil Procedure do not permit a defendant in a mortgage foreclosure action to join an additional defendant whose purported liability to either the original defendant or the mortgagee is

based upon an in personam claim. Moreover, in *Signal*, the mortgagor/defendant alleged a business relationship between the mortgagee and additional defendant in which the mortgagee purportedly acted as an agent of the additional defendant. This court affirmed the dismissal of the complaint notwithstanding that relationship. Thus, appellants' attempt to distinguish the instant case based on the existence of a special relationship between the Newton and appellee must fail. Additionally, appellants' argument that their counterclaim sounding in tort is somehow distinguishable from one in assumpsit must fail as both actions are in personam.[2]

For all the foregoing reasons, we affirm the order sustaining appellants' preliminary objections and dismissing the complaint against appellee.

Affirmed.

**2.** Appellants rely on a Court of Common Pleas case, *Peoples Savings Association v. Whallin*, 14 Pa.D. & C.3d 136 (1980) for the proposition that joinder of an additional defendant is proper, in the interests of judicial economy, where the "counterclaim is factually inextricably tied up with the mortgage and the alleged default thereon." However, after reviewing *Peoples Savings Association* we find the decision to be in conflict with our holding in *Signal*.