**Chenot v. Metropolitan Life Insurance Company**

C.P. of Butler County, no. 96-10975.

*James M. Pietz* and *Lomek Albert,* for plaintiff.
*Frederick N. Egler Jr.,* for defendants.

DOERR, *J.,* January 31, 2000—Before the court are defendant's preliminary objections to plaintiff's complaint.

## FACTUAL BACKGROUND

Kenneth Lee Chenot, plaintiff, was insured by a "whole life" life insurance policy from Metropolitan Life Insurance Company which had a death benefit of $5,000. This policy had an initial premium of $71.65 and a subsequent annual premium of $84.30 for each year thereafter. The cash value benefit was to increase during the life of the policy.

In 1984, MetLife agent Gerald L. Raabe, defendant, contacted plaintiff. Defendant offered plaintiff a $25,000

insurance policy that would require out-of-pocket monthly premiums for the first year of the policy. The policy premium was to be paid from the cash value of plaintiff's first policy. The second policy required a monthly premium of $46.25 and had a cash value benefit that was supposed to increase in value during the life of the policy.

Plaintiff believes that MetLife classified the second policy as a "new insurance transaction" as opposed to one involving a "replacement transaction."[1] Plaintiff also believes that because of this classification, he was overcharged on the second policy. Plaintiff filed this lawsuit against defendant and MetLife claiming breach of fiduciary duty, common-law fraud, violations of the Pennsylvania Unfair Trade Practice and Consumer Protection Law, violations of the Pennsylvania Bad Faith Statute and Professional Negligence.

## LEGAL STANDARD

In determining preliminary objections, all well-pleaded material and relevant facts are deemed to be true. *Johnson v. Pennsylvania Board of Probation and Parole,* 706 A.2d 903 (Pa. Commw. 1998). Further, the issues must be resolved by the court on the basis of the pleadings alone. *Duffee v. Judson,* 251 Pa. Super. 406, 380, A.2d 843 (1977). Preliminary objections should be sustained only in cases that are clear and free from doubt. *Id.*

---

1. Replacement transactions are strictly regulated in Pennsylvania. See 31 Pa. Code §81 et seq. The Pennsylvania Insurance Department Market Conduct Division examined MetLife's market conduct. The February 11, 1994 report revealed that MetLife's practice of falsely labeling replacement transactions as new transactions was widespread.

## LEGAL ANALYSIS

Defendant filed preliminary objections in the nature of a demurrer to plaintiff's claim for breach of fiduciary duty. The question presented by a demurrer is whether the complaint adequately states a claim for relief under any theory of law. *Eckell v. Wilson,* 409 Pa. Super. 132, 597 A.2d 696 (1991).

This court is bound by President Judge Martin O'Brien's ruling that no fiduciary responsibilities exist between an insurance company and its insured. *Kreibel v. Metropolitan Life,* Butler County (A.D. 95-10666), June 23, 1997. Similarly, Judge Wettick in Allegheny County, has held that "Pennsylvania case law addressing the scope of the duty of an insurance company to inform an insured of benefits to which the insured may be entitled supports [his] conclusion that the law governing fiduciary relationships does not govern the relationship between an insured and an insurance company." *Inhat v. Pover,* Allegheny County (GD 94-17465), December 16, 1997. Accordingly, defendant's preliminary objection in the nature of a demurrer to Count II of plaintiff's complaint is sustained.

Defendant also requests that this court strike paragraphs 58 and 59 of Count IV, the negligence count, of plaintiff's complaint. Specifically, defendant argues that paragraphs 58 and 59 improperly attempted to state a claim for reckless disregard and willful misconduct against defendant. In support of its argument, defendant cites to the economic loss doctrine, which provides that economic losses may not be recovered in tort absent physical injury or property damage. See *Aikens v. Balti-*

*more and Ohio Railroad Co.,* 348 Pa. Super. 17, 501 A.2d 277 (1985).

The court can also apply the test set forth in *Bash v. Bell Telephone Co.,* 411 Pa. Super. 347, 601 A.2d 825 (1992), to decide whether a breach of contract claim could give rise to an actionable tort. The *Bash* court stated that "[a]lthough mere non-performance of a contract does not constitute fraud . . . it is possible that a breach of a contract also gives rise to an actionable tort. . . . 'To be construed as in tort, however, the wrong ascribed to defendant must be the gist of the action, the contract being collateral.' " *Bash v. Bell Telephone,* at 355-56, 601 A.2d at 829 citing *Closed Circuit Corp. v. Jerrold Electronics Corp.,* 426 F. Supp. 361 (E.D. Pa. 1977). The court further explained that "tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus between particular individuals." *Id.*

This court relies on the *Bash* test in deciding that plaintiffs alleged tort claims of fraud, breach of fiduciary duty, negligence and bad faith are the gist of this action. Plaintiff is not asserting a contract claim against defendant, nor is he seeking to recover for a breach of duties imposed by the insurance agreement itself. On the contrary, plaintiff seeks to recover for the alleged deception by defendant regarding the replacement transaction. Defendant's preliminary objection in the nature of a motion to strike paragraphs 58 and 59 of Count IV, the negligence count, of plaintiff's complaint is overruled.

Defendant finally asserts that this court should strike the punitive damages prayer for relief in Count IV, the negligence count, of plaintiff's complaint. Specifically,

defendant argues that the allegations of "willful misconduct" and "reckless disregard" are improper in a negligence count. Defendant further argues that the use of these phrases requires the existence of physical harm.

Punitive damages may be awarded where the defendant's conduct is "outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *McDaniel v. Merck, Sharp & Dohme,* 367 Pa. Super. 600, 623, 533 A.2d 436, 447 (1987). Moreover, the Supreme Court of Pennsylvania has held that a plaintiff can make a claim for punitive damages in absence of a physical injury. *SHV Coal Inc. v. Continental Grain Co.,* 526 Pa. 489, 587 A.2d 702 (1991). Defendant's preliminary objection in the form of a motion to strike the punitive damages prayer for relief in Count IV, the negligence count, of plaintiff's complaint is overruled.

## ORDER

And now, January 31, 2000, after careful consideration of the arguments of both parties, briefs submitted by both parties and the preliminary objections filed by defendant, it is hereby ordered, adjudged and decreed that:

(1) Defendant's preliminary objection to Count II of plaintiff's complaint in the nature of a demurrer is sustained. Plaintiff is directed to amend the complaint in accordance with this memorandum opinion within 20 days from the date of this order or suffer dismissal;

(2) Defendant's preliminary objection in the nature of a motion to strike paragraphs 58 and 59 of Count IV, the negligence count, of plaintiff's complaint is overruled; and

(3) Defendant's preliminary objections in the form of a motion to strike the punitive damages prayer for relief in Count IV, the negligence count, of plaintiff's complaint is overruled.