J-S16022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PETER A. HOWARD, | |
| Appellant | No. 16 MDA 2014 |

Appeal from the Judgment of Sentence of November 19, 2013
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0000451-2012

BEFORE:  PANELLA, OLSON AND OTT, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 07, 2015**

Appellant, Peter A. Howard, appeals from the judgment of sentence entered on November 19, 2013, as made final by the denial of Appellant's post-sentence motion on December 3, 2013.  We affirm.

The trial court has thoroughly summarized the underlying facts of this case.  As the trial court explained:

> [On September 25, 2013, Appellant] entered a general *nolo contendere* plea [to charges of endangering the welfare of a child, simple assault, and recklessly endangering another person.[1]  The charges arose out of allegations that Appellant "handle[d] a two month old child in such a manner as to cause the child to suffer bruising to the facial area, a fracture of the left femur, and trauma to the brain which caused the child to suffer cardiac arrest."  Criminal

---

[1] 18 Pa.C.S.A. §§ 4304(a)(1), 2701(a)(1), and 2705, respectively.

Complaint, 12/15/12, at 2]. After the entry of his plea, the [trial] court ordered a pre-sentence investigation. . . .

[Schuylkill County Adult Probation Department officers Neil Stefanisko and Kelly Chapman testified during Appellant's November 19, 2013 sentencing hearing]. [The officers'] testimony established that[, following Appellant's arrest, Appellant] was incarcerated for a period of [24] days in the Schuylkill County Prison. . . . On March 2, 2012, the Honorable C. Palmer Dolbin granted [Appellant's] application for bail reduction [and ordered that Appellant was permitted] to remain on bail subject to electronic [home] monitoring. Judge Dolbin directed that [Appellant] reside at 112 East Main Street, Girardville, Pennsylvania, subject to electronic monitoring and pay any associated fees. [Appellant] was also to obtain and maintain employment within [30] days, refrain from alcohol or illegal drugs, [] remain in strict compliance with the "Children and Youth Order," and surrender his passport to the Clerk of Courts Office. . . .

While on electronic monitoring, [Appellant] was permitted to seek employment, was permitted to attend medical and legal appointments [and] counseling sessions[,] and was permitted to perform work in his yard after obtaining approval from the Adult Probation Office to leave the premises. . . . The record establish[es] that [Appellant] spent [621] days [on] electronic [home] monitoring. . . .

At his sentencing hearing, [Appellant] demanded credit for [the] time [he spent while] on electronic [home] monitoring. The [trial] court denied him such credit and gave him credit only for the [24] days [he spent while incarcerated in the Schuylkill County Prison].

Trial Court Opinion, 1/13/14, at 2-3 (internal citations and some internal capitalization omitted).

- 2 -

Appellant filed a timely post-sentence motion on Monday, December 2, 2013.[2] The trial court denied Appellant's motion on December 3, 2013 and Appellant filed a timely notice of appeal to this Court. Appellant raises one claim on appeal:

> Did the trial court err by not awarding Appellant 621 days of [pre-trial] credit for time he spent on home confinement with electronic monitoring?

Appellant's Brief at 4.

Appellant's claim fails.

In **Commonwealth v. Kyle**, the Pennsylvania Supreme Court established a bright-line rule and expressly held that "the time spent on bail release, subject to electronic monitoring, does not qualify as custody for purposes of [42 Pa.C.S.A. § 9760] credit against a sentence of incarceration." **Commonwealth v. Kyle**, 874 A.2d 12, 20 (Pa. 2005). On appeal, Appellant recognizes our Supreme Court's holding in **Kyle**. Moreover, Appellant candidly acknowledges that **Kyle's** holding precluded the trial court from giving him credit for the 621 days he spent while on electronic home monitoring. Appellant's Brief at 7-9. However, Appellant claims that "**Kyle** was wrongly decided" and Appellant requests this Court to "revisit the matter" and reconsider whether an individual is entitled to credit

---

[2] We note that the Schuylkill County Court of Common Pleas was closed on Thursday, November 28, 2013 and Friday, November 29, 2013, for the Thanksgiving holiday. Therefore, Appellant's post-sentence motion was timely, as it was filed on Monday, December 2, 2013.

for time served while on electronic home monitoring. Appellant's Brief at 7 and 9.

Appellant's claim on appeal necessarily and immediately fails, as we have no authority to overrule the binding precedent from our Supreme Court. Therefore, since our high Court has held that "the time spent on bail release, subject to electronic monitoring, does not qualify as custody for purposes of [42 Pa.C.S.A. § 9760] credit against a sentence of incarceration," we conclude that the trial court did not err when it refused to grant Appellant credit for the 621 days he spent while on electronic monitoring. *See*, *e.g.*, *Preiser v. Rosenzweig*, 614 A.2d 303, 306 (Pa. Super. 1992) ("[a]s an intermediate appellate court, we are not free to disregard the existing law of this Commonwealth and the decisions of our [S]upreme [C]ourt"). Appellant's claim to the contrary fails.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/7/2015</u>