J-S17043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| NATHAN TERRY, | |
| Appellant | No. 3006 EDA 2017 |

Appeal from the Judgment of Sentence, August 18, 2017,
in the Court of Common Pleas of Montgomery County,
Criminal Division at No(s): CP-46-CR-0005665-2016

BEFORE:  BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED MAY 14, 2018**

Nathan Terry appeals from the judgment of sentence, imposed after a bench trial, where he was convicted of aggravated assault and related offenses.[1]  After careful review, we affirm.

Terry was arrested on June 21, 2016, after attacking and injuring his girlfriend.  The case was scheduled for trial on February 2, 2017.  Before trial began, Terry signed a form, waiving his right to a jury trial.  This document informed Terry of all the "essential ingredients" of a jury trial. After Terry signed this waiver, but before the bench trial started, the trial court conducted an oral jury waiver colloquy during which the trial judge asked the assistant district attorney what the standard sentencing guidelines

_____

[1] 18 Pa.C.S.A. § 2702.

were for aggravated assault. The district attorney responded that the standard range was thirty (30) to forty-two (42) months. Notably, the court mentioned that aggravated assault is a first-degree felony, which carries a maximum sentence of ten (10) to twenty (20) years of imprisonment, and cautioned Terry that he could receive this statutory maximum if convicted.

The trial court ultimately accepted Terry's waiver and the case proceeded to a non-jury trial. Terry was found guilty of aggravated assault. At sentencing, as a result of the Probation Department discovering Terry's out of state convictions, he was subject to enhanced sentencing of fifty-four (54) to seventy-two (72) months imprisonment. The court imposed a sentence in accordance with these increased sentencing guidelines of five (5) to ten (10) years of imprisonment.

On appeal, Terry raises one issue:

> Did the trial court err by not finding [Terry] did not knowingly, intelligently or voluntarily waive his right to a jury trial when he was erroneously informed by the by the assistant district attorney during the waiver colloquy that the sentencing guidelines for the most serious offense for which he was convicted were significantly lower than the correct guidelines which were imposed by the court at sentencing?

Terry's Brief at 2 (excess capitalization omitted).

We employ an abuse of discretion standard when we review a trial court's decision that a jury waiver was knowingly, intelligently, and voluntarily made. **Commonwealth v. Byng**, 528 A.2d 983, 985 (Pa. Super. 1987).

> An abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. In more expansive terms, an abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

***Commonwealth v. Walls,*** 926 A.2d 957, 961 (Pa. Super. 2004).

The Commonwealth argues that Terry waived this claim by failing to preserve the issue for appeal. Issues not raised in the lower court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). During the sentencing hearing, Terry's counsel stated that he took issue with the enhanced sentencing guidelines and requested that the standard sentence, which the prosecutor advised the court was the applicable range during the jury waiver colloquy, should be imposed. Defense counsel further stated that it was under these lesser sentencing standards that Terry "knowingly, intelligently and voluntarily entered" his jury waiver.

According to the Commonwealth, this colloquy was a simple request rather than a valid objection. We disagree. Further, the trial court also qualified defense counsel's exchange with the court as a proper objection. The trial court analyzed the merits of Terry's jury waiver claim, noting that "[Terry] raised an objection at the sentencing hearing to the application of the correct guidelines and requested the mis-stated be used." Trial Court Opinion, 10/31/17, at 4. Under these circumstances, we conclude that Terry

preserved a challenge to the validity of his jury waiver, and thus we can decide the merits of the claim.

We have previously held: "The validity of a defendant's jury waiver can be compromised in certain contexts where a defendant is informed of a range of sentences that is shorter than the sentence later imposed." **Commonwealth v. Houck**, 948 A.2d 780, 781 (Pa. 2008). However, a defendant must show that he relied on the shorter sentencing guidelines that were relayed to him in coming to his decision to waive a jury trial. **Houck**, 948 A.2d at 781.

We cannot presume Terry's reliance. **Id.** at 788. The burden falls on Terry to establish "that [his] understanding of the length of the potential sentence was a material factor in making the decision to waive a jury trial." **Id.** at 787. In his brief, Terry acknowledges the **Houck** precedent. However, he complains that it is virtually impossible to prove that he relied on the lesser sentence relayed to him by the prosecutor.

Instead of offering proof to show that he relied on the lesser sentence, Terry asserts that the change in his sentence, approximately a twenty-four (24) to thirty (30) month increase, was "substantial and significant." Terry's Brief at 9. According to Terry, the fact that a "substantial and significant change" occurred in his sentencing, should, by itself, invalidate his jury trial waiver and afford him a new trial. Terry urges this Court to substitute his "substantial change rule" in place of his burden to establish his reliance.

Our Supreme Court has made clear that in instances where a defendant receives a greater sentence than he initially was informed of, he must show that he relied on the lesser sentencing standards when deciding to waive his jury trial in order to invalidate an otherwise valid waiver. On appeal, Terry essentially requests that this Court reconsider the standard of proof set forth in **Houck.** This claim necessarily fails, as we have no authority to overrule our Supreme Court. ***See, e.g., Preiser v. Rosenzweig***, 614 A.2d 303, 306 (Pa. Super. 1992) ("as an intermediate appellate court, we are not free to disregard the existing law of this Commonwealth and the decisions of our Supreme Court").

We evaluate this case through the ***Houck*** guidelines promulgated by our Supreme Court. Terry fails to offer any evidence to suggest that he relied on the sentencing guidelines that the prosecutor initially relayed during the jury waiver colloquy. The exchange regarding the wrong sentencing guidelines occurred between the trial court and the Commonwealth, and was not directed at Terry. Indeed, Terry concedes in his brief that he "could not have possibly remembered how significant and material the mistake was in his decision to waive his right to a jury trial." Terry's Brief at 10. Thus, by his own admission, Terry has failed to show that his jury waiver was not knowingly, intelligently, or voluntarily made. We therefore affirm Terry's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/14/18