645 A.2d 305

Edward R. DANISHEFSKY, Paul J. Stavnicky,
and Pennsylvania State Troopers
Association, Petitioners,

v.

COMMONWEALTH of Pennsylvania, Thomas P. Foley, Secretary, Department of Labor and Industry, Cynthia M. Maleski, Commissioner, Insurance Department, and Catherine Baker Knoll, State Treasurer, Respondents.

Commonwealth Court of Pennsylvania.

Argued May 9, 1994.

Decided June 20, 1994.

As Amended on Grant of Clarification July 19, 1994.

James L. McAneny, for petitioners.

David R. Weyl, Asst. Counsel, for respondents.

Before PELLEGRINI and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

PELLEGRINI, Judge.

Before this court are preliminary objections filed by the Commonwealth of Pennsylvania and Thomas P. Foley, Secretary, Department of Labor and Industry (collectively, the Department) in response to an amended petition for review in the nature of an action for mandamus and declaratory judgment filed by Edward R. Danishefsky (Danishefsky), Paul J. Stavnicky (Stavnicky) and the Pennsylvania State Troopers Association (collectively, the PSTA).

On January 24, 1994, the PSTA filed with this court under our original jurisdiction a petition for review in the nature of an action for mandamus and declaratory judgment captioned as a class action. In its petition, it states that Danishefsky and Stavnicky are retired members of the Pennsylvania State Police who suffered work-related injuries on March 16, 1991, and March 29, 1987, respectively, for which they receive workmen's compensation benefits from the State Workmen's Insurance Fund (SWIF).[1] It then alleges that the enactment of Section 8(f)(3)(vi) of Act 44 of 1993 (Act 44) amending The Pennsylvania Workmen's Compensation Act[2] places reimbursement limitations on prescription drugs effective August 31, 1993, without regard to the date of injury or the date when benefits were originally determined to be payable. As such, it

1. The petition was originally filed against the Commonwealth of Pennsylvania, Thomas P. Foley (Foley), Secretary, Department of Labor and Industry, Cynthia M. Maleski (Maleski), Commissioner, Insurance Department, and Catherine Baker Knoll (Knoll), State Treasurer. Pursuant to a Stipulation and Settlement Agreement filed on February 24, 1994, the parties agreed that even though the PSTA alleged that the SWIF provided Danishefsky and Stavnicky with benefits, it did not act as insurer to the Commonwealth's employees. As such, the parties agreed to drop as parties from the action Maleski in her dual capacities as Insurance Commissioner and as a member of the SWIF Board, Knoll in her dual capacities as State Treasurer and as a member of the SWIF Board, and Foley in his capacity as a member of the SWIF Board only.

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 511(f.1)(3)(vi). That section provides that the reimbursement for prescription drugs and professional pharmaceutical services shall be limited to 110 per centum of the average wholesale price of the product.

argues that Section 8(f.1)(3)(vi) of Act 44 has effectively denied full reimbursement of prescription costs actually expended to Danishefsky, Stavnicky and other Association members who are similarly situated.[3]

The PSTA also alleges that this denial constitutes a violation of its members' constitutional rights as an impairment of vested property rights without due process of law under the Fifth and Fourteenth Amendments to the United States Constitution, and as a law impairing the obligation of contracts and unconstitutional special legislation under Article 1, Section 10, Clause 1 of the United States Constitution, and Article 1, Sections 1 and 17 and Article 3, Section 32 of the Pennsylvania Constitution. It further requests this court to certify its petition as a class action, order the Department to apply the pre-existing medical expense reimbursement provision of the Pennsylvania Workmen's Compensation Act to members of the class, award damages for any expenses not paid, and to award costs, expenses and reasonable attorney's fees for the prosecution of this action.[4]

The Department filed preliminary objections to the amended petition in the nature of a demurrer and a motion for a more specific pleading. In its demurrer, it alleges that the PSTA has failed to state a cause of action because the medical fees imposed by Act 44 merely change the way in which health care providers are compensated for services rendered. It further alleges that the limitations placed on medical fees by Act 44 do not impair the contract between a worker's compensation insurer and its insureds. In its motion for a more specific pleading, the Department alleges that the class action allegations must be dismissed because they are lacking in specificity so that it cannot be determined whether the action

3. The petition does not specify the dates on which the prescriptions were paid or the dollar amounts expended.

4. Also pursuant to the Stipulation and Settlement Agreement, the parties agreed that the PSTA would file an amended petition dropping Maleski and Knoll from the action, and clarifying that Foley was named only in his capacity as Secretary of the Department. On March 1, 1994, an amended petition was filed with this court by the PSTA with the agreed upon changes made.

meets the prerequisites for a class action as specified in Pa.R.C.P. No. 1702. The PSTA has filed an answer to the Department's preliminary objections denying those allegations.[5]

■ In its brief in support of its preliminary objections, the Department argues that while Section 8(f.1)(3)(vi) of Act 44 mandates that reimbursement for prescription drugs and pharmaceutical services shall be limited to 110% of the average wholesale price of the product, that mandate in no way requires injured employees to pay any portion of their prescriptions. In support of its position, it directs our attention to Section 8(f.1)(7) of Act 44 which specifies:

*A provider shall not hold an employe liable for costs related to care or service rendered in connection with a compensable injury under this Act. A provider shall not bill or otherwise attempt to recover from the employe the difference between the provider's charge and the amount paid by the employer or the insurer.* (Emphasis added.)

Section 3 of Act 44 defines "provider" as a "health care provider", and "health care provider" is defined as:

any person, corporation, facility or institution licensed or otherwise authorized by the Commonwealth to provide health care services, including, but not limited to, any physician, coordinated care organization, hospital, health care facility, dentist, nurse, optometrist, podiatrist, physical therapist, psychologist, chiropractor *or pharmacist* and an officer, employe or agent of such person acting in the course and scope of employment or agency related to health care services. (Emphasis added.)

---

**5.** When ruling upon preliminary objections in the nature of a demurrer, all well-pleaded facts and reasonable inferences deduced therefrom are admitted as true for purposes of review. *Dintzis v. Hayden*, 146 Pa.Commonwealth Ct. 618, 606 A.2d 660 (1992). The question presented by the demurrer is whether on the facts averred the law says with certainty that no recovery is possible. *Kyle v. McNamara & Criste*, 506 Pa. 631, 487 A.2d 814 (1985). Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it. *Id.*

The Department contends that because the language in Section 8(f.1)(7) of Act 44 mandates that an injured employee shall not be required to pay any pharmaceutical costs relating to his injury, the fee cap imposed under Section 8(f.1)(3)(vi) does not impose any financial responsibility on an injured employee and does not impair the PSTA's right to reimbursement of costs under the Workmen's Compensation Act.

Whether a cap on payment of medical expenses under Act 44 violates the contract clauses of the United States and Pennsylvania Constitutions by impairing a contractual right entered into prior to the enactment of the statute is a question of first impression. However, in *Lynn v. Prudential Property and Casualty Insurance Company*, 422 Pa.Superior Ct. 479, 619 A.2d 779 (1993), this issue was decided as it related to Act 6 of the Motor Vehicle Financial Responsibility Law, which substantially uses the same language as that found in Section 8(f.1)(7) of Act 44 and its reasoning is controlling.

In *Lynn*, an insured had entered into an insurance contract with an insurer prior to the enactment of Act 6. After the enactment of Act 6, the insured was injured in an automobile accident and incurred medical expenses subject to that Act. The insured filed an action for unpaid medical expenses arguing that the insurer had to pay the full amount for his treatment and the amount paid should not be limited to the fee cap of 110% of the prevailing charge under 75 Pa.C.S. § 1797(a). 75 Pa.C.S. § 1797(a) provides in pertinent part:

Providers subject to this section may not bill the insured directly but must bill the insurer for a determination of the amount payable. *The provider shall not bill or otherwise attempt to collect from the insured the difference between the provider's full charge and the amount paid by the insurer.* (Emphasis added.)

Addressing first the insured's argument that Act 6 impaired his contractual right entered into with his insurer prior to the enactment of the Act, the Superior Court noted that "a later law cannot abridge a party's rights under a prior contract; only substantive laws that are in effect when parties enter into the contract are implicitly incorporated into it. [Citation

omitted.] However, the contract clauses of the state and federal constitutions do not preclude the legislature from passing laws which impose new procedures on the enforcement of substantive rights." *Id.,* 422 Pa.Superior Ct. at 485, 619 A.2d at 782.

Then, relying on the language in 75 Pa.C.S. § 1797(a) to determine that the insured's substantive rights under his automobile insurance policy were not impaired, and Act 6 did not violate the contract clauses of the United States and Pennsylvania Constitutions, the Superior Court stated:

> As indicated by the language of both sections emphasized above, the insured is held harmless under sub-section (a) for the difference between the amount charged by the provider and the amount paid by the insurer and, under subsection (b), in no way does the provider's failure to return a payment for unnecessary medical treatment or services obligate the insured to assume responsibility for payment for these services. *Thus, these cost-containment provisions of Section 1979 do not impair the contract with the insured; the only effect of the amendments is to change the way in which a provider is compensated for the services rendered.*

*Id.,* 422 Pa.Superior Ct. at 487, 619 A.2d at 783.

■ The PSTA argues, though, that even if *Lynn* applies, the language in Act 6 which requires providers to only bill the insurer and not the employee for expenses is missing from Section 8(f.1)(7) of Act 44, and, as such, alters the effect of that section. However, the omission of that language from Act 44 does not change the meaning of that section because even if the employee is billed by the provider/pharmacist, Section 8(f.1)(7) of Act 44 still mandates that the provider shall not hold an employee liable for the costs related to his care or services he receives.

■ Even if some of PSTA's members have paid for prescriptions for which they have not been reimbursed 100%, that is not due to any fault of the language in Act 44 because Section 8(f.1)(7) of Act 44 specifies that a provider *shall not hold an employee liable for costs of services rendered in*

*connection with his injury.* As the Department points out, if any harm is caused by pharmacists charging more than 110% of the average wholesale prices of the prescription drugs set forth in the "blue book" schedule, that is the result of the pharmacist charging more than the Act allows.[6] Because the language in Section 8(f.1)(7) of Act 44 imposes no individual liability on employees, it in no way impairs the PSTA's members' rights to have prescriptions paid for by the Commonwealth, and, consequently, does not violate the contract clauses of the United States and Pennsylvania Constitutions.[7]

The PSTA also alleges that it has been advised that attending physicians, hospitals and medical care providers may withdraw from future treatment of their work-related injuries; therefore, pursuant to Section 8(f.1)(3)(i) of Act 44,[8]

6. At oral argument, the Department agreed that if an injured state trooper who was receiving workmen's compensation benefits was charged more for a prescription than the 110% average wholesale price allowed under Act 44, the Commonwealth would reimburse the state trooper and take direct action against the pharmacist.

7. While the PSTA alleges in its petition that Act 44 is also unconstitutional because it has resulted in an impairment of vested property rights without due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and unconstitutional special legislation under Article 3, Section 32 of the Pennsylvania Constitution, because we have determined that there has been no impairment of contract, these allegations are meritless.

8. Section 8(f.1)(3)(i) provides:

For purposes of this clause, a provider shall not require, request or accept payment for the treatment, accommodations, products or services in excess of one hundred thirteen per centum of the prevailing charge at the seventy-fifth percentile; one hundred thirteen per centum of the applicable fee schedule, the recommended fee or the inflation index charge; one hundred thirteen per centum of the DRG payment; plus pass through costs and applicable cost or day outliers; or one hundred thirteen per centum of any other Medicare reimbursement mechanism, as determined by the Medicare carrier or intermediary, whichever pertains to the specialty service involved, determined to be applicable in this Commonwealth under the Medicare program for comparable services rendered. If the commissioner determines that an allowance for a particular provider group or service under the Medicare program is not reasonable, it may adopt, by regulation, a new allowance. If the prevailing charge, fee schedule, recommended fee, inflation index charge, DRG payment or any other reimbursement has not been calculated under the Medicare program for a particular treatment, accommodation, product or

they also would not be reimbursed 100% for their medical expenses. However, the PSTA admits that it has not yet been refused full reimbursement of costs actually expended for further treatment of their injuries and the threat of loss of provider services is only speculative at the present time. Because the PSTA has not alleged any harm suffered as a result of the enactment of Section 8(f.1)(3)(i) of Act 44, it has no case ripe for controversy and we will not address that issue.[9]

Accordingly, the preliminary objections filed by the Department are sustained and the petition for review filed by the PSTA is dismissed.

## ORDER

AND NOW, this 20th day of June, 1994, the preliminary objections filed by the Commonwealth of Pennsylvania and Thomas P. Foley, Secretary, Department of Labor and Industry, are sustained. The amended petition for review in the nature of an action for mandamus and declaratory judgment filed by Edward R. Danishefsky, Paul J. Stavnicky and the Pennsylvania State Troopers Association is dismissed.

service, the amount of the payment may not exceed eighty per centum of the charge most often made by providers of similar training, experience and licensure for a specific treatment, accommodation, product or service in the geographic area where the treatment, accommodation, product or service is provided.

9. Because we have sustained the Department's preliminary objections, we need not address its contention that the PSTA's class allegations do not meet the prerequisites of Pa.R.C.P. No. 1702.