J-S35028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AARON CLAUDE PHILLIPS, | |
| Appellant | No. 3005 EDA 2014 |

Appeal from the PCRA Order of September 26, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0025720-1986

BEFORE:  MUNDY, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 11, 2015**

Appellant, Aaron Claude Phillips, appeals from the order entered on September 26, 2014, dismissing his fifth petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

As we previously explained:

> On January 4, 1988, following a bench trial, Appellant, who was a juvenile at the time of his crimes, was convicted of second-degree murder, burglary, and related offenses.  On September 16, 1988, the [trial] court sentenced Appellant to [the mandatory term of] life in prison without the possibility of parole for his second-degree murder conviction, and Appellant filed a direct appeal.  We affirmed his judgment of sentence, and Appellant filed a timely petition for allowance of appeal, which the Pennsylvania Supreme Court denied on March 28, 1991.

***Commonwealth v. Phillips***, 32 A.3d 835 (Pa. Super. 2011) (unpublished memorandum) at 1.

*Retired Senior Judge assigned to the Superior Court.

From 1995 until 2010, Appellant filed four petitions for post-conviction collateral relief under the PCRA, and all requests for relief were denied by the courts.

On August 20, 2012, Appellant, acting *pro se*, filed the current PCRA petition. The petition constitutes Appellant's fifth attempt to secure post-conviction collateral relief under the PCRA. Within the petition, Appellant claimed that, in ***Miller v. Alabama***, ___ U.S. ___, 132 S.Ct. 2455 (2012), the United States Supreme Court created a new constitutional right that entitled him to relief. Appellant's Fifth PCRA Petition, 8/20/12, at 2. Specifically, Appellant claimed, in ***Miller***, the United States Supreme Court created the new rule of law that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without [] possibility of parole for juvenile offenders." Appellant's Fifth PCRA Petition, 8/20/12, at 4; *quoting* ***Miller***, ___ U.S. at ___, 132 S.Ct. at 2469. Since Appellant filed his PCRA petition within 60 days of the date ***Miller*** was decided,[1] Appellant claimed that his PCRA petition was timely under the "newly recognized constitutional right" exception to the PCRA's one-year time-bar. Appellant's Fifth PCRA Petition, 8/20/12, at 4; 42 Pa.C.S.A. § 9545(b)(1)(iii) and (2).

Appellant later retained counsel and, on December 4, 2013, counsel filed a self-titled "Amended Petition for *Habeas Corpus* Relief Under Article 1,

_____

[1] The Supreme Court decided ***Miller*** on June 25, 2012.

Section 14 of the Pennsylvania Constitution and for Post-Conviction Relief Under the Post Conviction Relief Act" on Appellant's behalf. In this amended petition, Appellant reiterated the claim that he was entitled to relief under *Miller*. Further, Appellant claimed, even if the constitutional right announced in *Miller* were not retroactive to cases on collateral review, Appellant was entitled to relief in the form of a writ of *habeas corpus*.

On August 1, 2014, the PCRA court provided Appellant with notice that it intended to dismiss Appellant's fifth PCRA petition in 20 days without holding a hearing, as the petition was untimely. The PCRA court dismissed Appellant's petition on September 26, 2014 and Appellant filed a timely notice of appeal to this Court. Appellant raises three claims on appeal:

> 1. Does the failure to apply *Miller v. Alabama* retroactively to a juvenile offender sentenced to life in prison without the possibility of parole for a conviction of second-degree murder violate Appellant's rights under the [United States] Constitution or the Pennsylvania Constitution?
>
> 2. Does *habeas corpus* provide Appellant with a mechanism for relief?
>
> 3. Did the [PCRA] court err in denying the petition for post-conviction collateral relief without granting a hearing?

Appellant's Brief at 4.

We conclude that the PCRA court properly dismissed Appellant's untimely PCRA petition.

As our Supreme Court held, we "review an order granting or denying PCRA relief to determine whether the PCRA court's decision is supported by

evidence of record and whether its decision is free from legal error." ***Commonwealth v. Liebel***, 825 A.2d 630, 632 (Pa. 2003).

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." ***Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we consider the underlying claims. ***Commonwealth v. Yarris***, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. ***See***, ***e.g.***, ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); ***Commonwealth v. Fahy***, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our

subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 475-476 (Pa. 2003).

In the case at bar, Appellant's judgment of sentence became final in 1991. As Appellant did not file his current petition until August 20, 2012, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead all required elements of the relied-upon exception).

Here, Appellant claims to invoke the "newly recognized constitutional right" exception to the time-bar. This statutory exception provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> . . .
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> . . .
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

As our Supreme Court explained:

> Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Copenhefer*, 941 A.2d 646, 649-650 (Pa. 2007),

*quoting Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002)

(internal corrections omitted).

As Appellant notes, in *Miller v. Alabama*, the United States Supreme Court recognized the new constitutional right that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without [] possibility of parole for juvenile offenders." Appellant's Fifth PCRA Petition, 8/20/12, at 4; *quoting Miller*, ___ U.S. at ___, 132 S.Ct. at 2469. Appellant claims that *Miller* entitles him to relief under the PCRA and that, since he filed his petition within 60 days of the date that *Miller* was decided, his current petition is timely under 42 Pa.C.S.A. § 9545(b)(1)(iii). This claim, however, fails because, in *Commonwealth v. Cunningham*, the

Pennsylvania Supreme Court held that *Miller* does not apply retroactively to cases on collateral review. *Commonwealth v. Cunningham*, 81 A.3d 1, 11 (Pa. 2013) ("applying settled principles of appellate review, nothing in [a]ppellant's arguments persuades us that *Miller's* proscription of the imposition of mandatory life-without-parole sentences upon offenders under the age of eighteen at the time their crimes were committed must be extended to those whose judgments of sentence were final as of the time of *Miller's* announcement"). Thus, the Pennsylvania Supreme Court has already held that individuals such as Appellant cannot rely upon *Miller* to satisfy the "newly recognized constitutional right" exception to the PCRA's one-year time-bar. 42 Pa.C.S.A. § 9545(b)(1)(iii).

On appeal, Appellant essentially requests that this Court reconsider the issue of *Miller's* retroactivity. This claim necessarily fails, as we have no authority to overrule our Supreme Court. *See*, *e.g.*, *Preiser v. Rosenzweig*, 614 A.2d 303, 306 (Pa. Super. 1992) ("[a]s an intermediate appellate court, we are not free to disregard the existing law of this Commonwealth and the decisions of our [S]upreme [C]ourt"). Further, to the extent Appellant claims that *Miller* should be applied retroactively based upon Pennsylvania's broader retroactivity principles, we note that we have already rejected this argument. *See Commonwealth v. Seskey*, 86 A.3d 237, 243 (Pa. Super. 2014) ("[a]ppellant attempts to circumvent the effect that *Cunningham* has upon our jurisdiction by arguing . . . that *Miller*

should be applied retroactively based upon Pennsylvania's broader retroactivity principles. . . . [W]e are confined by the express terms of subsection 9545(b)(1)(iii) and our Supreme Court's decision in **Cunningham**. Combined, those two elements require us to conclude that we lack jurisdiction)."

Therefore, since our high Court has held that the constitutional right announced in **Miller** does not apply retroactively to cases on collateral review, Appellant's first claim on appeal fails as a matter of law.[2]

Appellant next claims that the PCRA court erred when it failed to afford him *habeas corpus* relief. However, other than citing to former Chief Justice Castille's concurring opinion in **Cunningham** – where the Chief Justice opined, "there is at least some basis in law for an argument that the claim is cognizable via a petition under Pennsylvania's *habeas corpus* statute" – and then claiming that he is entitled to *habeas corpus* relief, Appellant has provided this Court with no developed argument as to why he would be entitled to *habeas corpus* relief. **See** Appellant's Brief at 32. Therefore, Appellant's claim on appeal is waived. **See Seskey**, 86 A.3d at 244 (appellant's claim that he was entitled to *habeas corpus* relief, as he was a juvenile offender who received a mandatory term of life imprisonment

---

[2] We note that the United States Supreme Court granted a petition for writ of *certiorari* in **Montgomery v. Louisiana**, ___ U.S. ___ 135 S.Ct. 1546 (2015), to consider whether **Miller** should be given retroactive effect.

without the possibility of parole and his judgment of sentence became final prior to **Miller**, was waived where the appellant simply cited to Chief Justice Castille's concurrence in **Cunningham** and then "list[ed] five constitutional provisions that he believes should be read in conjunction with that statute"); **Rabatin v. Allied Glove Corp.**, 24 A.3d 388, 396 (Pa. Super. 2011) (holding that the Superior Court may not act as counsel for an appellant and develop arguments on his behalf).

Finally, Appellant claims that the PCRA court erred when it dismissed his fifth PCRA petition "without granting a hearing to allow an opportunity to demonstrate why he is entitled to an individualized resentencing hearing." Appellant's Brief at 45. However, Appellant's PCRA petition is manifestly untimely and Appellant did not properly plead any of the statutory exceptions to the one-year time-bar. Therefore, neither the PCRA court nor this Court have subject matter jurisdiction to consider Appellant's claims. The PCRA court thus did not err when it dismissed Appellant's petition without holding a hearing. **Commonwealth v. Jackson**, 30 A.3d 516, 523 (Pa. Super. 2011); Pa.R.Crim.P. 907(1).

Order affirmed. Jurisdiction relinquished.

Judge Platt joins this memorandum.

Judge Mundy concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/11/2015</u>