J-S73002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRIAN MARSH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| COLLEEN MARSH LIZZA | : | No. 532 MDA 2017 |
| | : | |
| ----------------------------------------------- | : | |
| ESTATE OF MARCELLA M. MARSH, BY AND THROUGH THE ADMINISTRATOR, BRIAN MARSH | : | |
| | : | |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COLLEEN MARSH LIZZA | : | |

Appeal from the Order Entered March 1, 2017
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2812 of 2016

BEFORE:   OLSON, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 13, 2018**

Appellant, Brian Marsh, appeals from the order entered on March 1, 2017, sustaining preliminary objections filed by Colleen Marsh Lizza (Lizza) in response to a wrongful death and survivor action commenced by Appellant.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On May 3, 2016, Appellant instituted an action under the Wrongful

_____
*   Retired Senior Judge assigned to the Superior Court.

Death Act and Survival Acts[1] to recover damages against his sister, Lizza. Specifically, Appellant filed a praecipe for the issuance of a writ of summons in his capacity as the administrator of the estate of his mother, Marcella M. Marsh (Marcella). Thereafter, Appellant reissued the writ of summons, as administrator on behalf of the estate, on June 2, 2016, June 30, 2016, and July 21, 2016. There is no proof in the record that the original writ, or any of these reissued writs, was served upon Lizza.

On August 10, 2016, Appellant filed a praecipe to reissue and amend the writ of summons. Pertinent to this appeal, the August 19, 2016 praecipe and writ named Appellant in his individual capacity as the plaintiff and no longer identified Appellant, as a claimant, in his capacity as administrator of his mother's estate. The August 10, 2016 praecipe and writ also provided a different street address for Lizza. Lizza was served with that praecipe and writ of summons on September 19, 2016.

On September 22, 2016, Appellant filed a complaint under the Wrongful Death Act and Survival Acts, in his individual capacity, alleging that Lizza, a trained nurse and Marcella's caregiver, acted wantonly, recklessly, and negligently, ultimately leading to their mother's death on July 28, 2013. On October 12, 2016, Lizza filed preliminary objections to the complaint. Lizza challenged, *inter alia*, the amended writ of summons and subsequent

---

[1] 42 Pa.C.S.A. §§ 8301 and 8302, respectively.

complaint because, although Appellant was the named plaintiff in all of the various filings, Appellant unilaterally changed the capacity in which he was asserting his claims without consent or leave of court. Lizza also challenged Appellant's capacity to sue as an administrator unless duly appointed and argued Appellant's wrongful death and survivor claims were "untimely and therefore barred by the two year statute of limitations[.]" Preliminary Objections, 10/12/2016, at 3-4.[2] In response to Lizza's preliminary objections, Appellant recognized that application of the statute of limitations is a question of law for a trial court, but argued that dismissal of the complaint was unwarranted as there remained issues of fact for a factfinder under the discovery rule. More specifically, Appellant asserted that,

---

[2] Pursuant to the Pennsylvania Rules of Civil Procedure, the defense that a claim is barred by the statute of limitations is required to be set forth in a responsive pleading entitled "New Matter." Pa.R.Civ.P. 1030(a) ("all affirmative defenses including ... statute of limitations… shall be pleaded in a responsive pleading under the heading "New Matter".) Thus, it was procedurally improper for Lizza to raise the defense of statute of limitations as a preliminary objection. However, our Court has held that "[w]here a party erroneously asserts substantive defenses in preliminary objections rather than to raise these defenses by answer or in new matter, the failure of the opposing party to file preliminary objections to the defective preliminary objections, raising the erroneous defenses, waives the procedural defect and allows the trial court to rule on the preliminary objections." **Preiser v. Rosenzweig**, 614 A.2d 303, 305 (Pa. Super. 1992), *aff'd,* 646 A.2d 1166 (Pa. 1994). In this instance, Appellant failed to file preliminary objections to Lizza's preliminary objections; therefore, any claim that Lizza's preliminary objections were procedurally defective is waived and Lizza's preliminary objection raising the statute of limitations defense could be decided by the trial court.

"questions regarding [Marcella's] cause of death did not begin to arise until the latter part of 2014" even though her death resulted on "July 28, 2013[.]" Memorandum of Law in Opposition to Preliminary Objections, 11/28/2016, at 7-8. The trial court held oral argument on December 12, 2016.

On March 1, 2017, the trial court entered an order and opinion sustaining Lizza's preliminary objections and striking Appellant's complaint. This timely appeal followed.[3]

Appellant raises the following issues for our review:

1. Whether the trial court committed a manifest error of law or an abuse of discretion in sustaining [Lizza's] preliminary objection under Pa.R.C.P. 1028(a)(1) and in striking the amended writ of summons and subsequent complaint by classifying the summons as a "pleading" in direct opposition to Pa.R.C.P. 1017 and improperly ascertaining it could not be amended without the consent of [Lizza] or leave of court under Pa.R.C.P. 1033 and thereby was facially defective and a nullity?

2. Whether the trial court committed a manifest error of law or an abuse of discretion in sustaining [Lizza's] preliminary objection under Pa.R.C.P. 1028(a)(1) and in striking the amended writ of summons and subsequent complaint by failing to consider that the amendment to the summons did not add a new party, but only amended the summons to change the name or the capacity [in which] Appellant commenced the action?

---

[3] Appellant filed a notice of appeal on March 21, 2017. On March 23, 2017, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely. The trial court relies upon its earlier March 1, 2017 opinion as its rationale for sustaining Lizza's preliminary objections.

3. Whether the trial court committed a manifest error of law or an abuse of discretion in sustaining [Lizza's] preliminary objection under Pa.R.C.P. 1028(a)(1) and in striking the amended writ of summons and subsequent complaint by failing to consider that the amendment to the summons only amended the summons as to what capacity [] Appellant commenced the action and that [Lizza] suffered no prejudice from the amendment?

4. Whether the trial court committed a manifest error of law or an abuse of discretion in sustaining [Lizza's] preliminary objection under Pa.R.C.P. 1028(a)(1) and in striking the amended writ of summons and subsequent complaint by disregarding, failing to consider, overlooking the facts of record, and wrongfully applying [] a two year statute of limitations to the amendment to the summons and subsequently filed complaint?

5. Whether the trial court committed a manifest error of law or an abuse of discretion by failing to consider the issue of the legal sufficiency of the complaint?

Appellant's Brief at 4-5 (superfluous capitalization, italics, and suggested answers omitted).

Because Appellant's fourth issue is dispositive, we will address that issue first. In sum, Appellant argues as follows:

[] Appellant's [c]omplaint alleges that the decedent died in 2013 and was listed as having died of natural causes. [] Appellant brought the wrongful death suit in 2016 only after learning further facts about [Lizza's] actionable behavior on the evening of the decedent's death. The [t]rial [c]ourt relied on case law holding that the "discovery rule" does not apply to wrongful death actions. However, given that the [t]rial [c]ourt analyzed the amendment to the writ of summons and the preliminary objections under the wrong rule – Pa.R.C.P. 1033(a) – the facts alleged in the [c]omplaint address matters relevant to more than just the discovery rule.

Upon remand, therefore, the [t]rial [c]ourt should determine if [] Appellant can plead and prove facts sufficient to show that [Lizza] has intentionally or fraudulently concealed the circumstances of the decedent's death, so as to toll the statute of limitations or to estop her from asserting the defense.

Appellant's Brief at 23.

Initially, we note that, although Appellant raised the issue of the discovery rule before the trial court, he never alleged fraudulent concealment, did not raise fraudulent concealment in his Pa.R.A.P. 1925(b) statement, and, in fact, raises that legal theory for the first time on appeal. We deem Appellant's fraudulent concealment claim waived. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [Pa.R.A.P. 1925(b)] Statement [...] are waived."); Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Moreover, while Appellant mentions the discovery rule in his brief, he does not cite legal authority to support his claim that the rule is applicable in wrongful death actions. We could deem this issue waived. **See Commonwealth v. Yocolano**, 169 A.3d 47, 60 n.9 (Pa. Super. 2017) ("Appellate arguments which fail to adhere to [our] rules [of appellate procedure] may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention."). We choose not to find the issue waived. However, for the following reasons, Appellant's argument lacks merit.

We review an order sustaining preliminary objections to determine whether the trial court committed an error of law. *Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa. Super. 2011). Moreover, this Court has previously determined:

> Ordinarily most questions relating to the applicability of the defense of the statute of limitations are questions of fact to be determined by the jury. Specifically, the questions of whether a plaintiff has exercised due diligence in discovering the incidence of his injury is usually a jury question. Whether the statute has run on a claim is usually a question of law for the judge, but where [] the issue involves a factual determination, *i.e.* what is a reasonable [discovery] period, the determination is for the jury.

*Ward v. Rice*, 828 A.2d 1118, 1120 (Pa. Super. 2003).

Our Supreme Court recently reaffirmed the following, longstanding legal principles:

> [A] survival action is not an independent cause of action, but a continuation of a cause of action that accrued to the decedent, and the latest time when the statute of limitations runs is at the decedent's death.
>
> The statute of limitations will, of course, begin to run prior to death with respect to injuries that the afflicted individual should reasonably have "discovered" while alive, and, for this reason, [] the survival statute begins to run, "at the latest," at death. The explanation for this lies in the nature of the survival cause of action, for [] "the survival statutes do not create a new cause of action; they simply permit a personal representative to enforce a cause of action which has *already accrued* to the deceased before his death." The "accrual" concept was expressly recognized []; hence, the statute of limitations was regarded as running, *at the latest*, from the time of death, unless it had earlier "accrued" through the fact that the victim knew, or should reasonably have known, of his injury.
>
> \*          \*          \*

- 7 -

In the context of survival actions, which, as heretofore discussed, merely permit a personal representative to pursue a cause of action that had already accrued to a victim prior to death, the [rule expressed in] ***Pocono International Raceway v. Pocono Produce, Inc.***, 468 A.2d 468 (Pa. 1983) [] causes the statute of limitations to commence to run on the date when the victim ascertained, or in the exercise of due diligence should have ascertained, the fact of a cause of action. In no case, however, can that date be later than the date of death; hence, the statute runs, at the latest, from death. **Because death is a definitely ascertainable event, and survivors are put on notice that, if an action is to be brought, the cause of action must be determined through the extensive means available at the time of death, there is no basis to extend application of the discovery rule to permit the filing of survival actions, or wrongful death actions, at times beyond the specified statutory period**.

***Dubose v. Quinlan***, 2017 WL 5616235, at *9–10 (Pa. 2017) (internal citations and original brackets omitted; italics in original; emphasis added). The statute of limitations for survival and wrongful death actions is two years. ***See*** 42 Pa.C.S.A. § 5524(2).

Here, the trial court determined:

According to [Appellant's] own binding admissions contained in his complaint, Marcella died on July 28, 2013. [Appellant] did not file his complaint until September 22, 2016, more than three years after the date of Marcella's death. Although [Appellant] baldly argues that the statute of limitations in this matter is governed under the discovery rule, it is well-settled in this Commonwealth that the two-year statute of limitations applicable to wrongful death and survival actions under 42 Pa.C.S.A. § 5524(2) may not be extended by the discovery rule, and that the latest date on which the statute of limitations begins to run for wrongful death and survival claims is the date of the decedent's death.

\*　　　\*　　　\*

- 8 -

> Since the two-year statute of limitations had already expired at the time that [Appellant] amended the writ of summons and filed the complaint[,] they must be stricken.

Trial Court Opinion, 3/1/2017, at 13-15 (record and case citations, internal quotations, and footnote omitted).

We agree with the trial court and discern no error of law. The statute of limitations for survival and wrongful death actions is two years. 42 Pa.C.S.A. § 5524. The discovery rule is not applicable to survival and wrongful death actions as recently reaffirmed by our Supreme Court in *Dubose*. Appellant averred that his mother died on July 28, 2013. Therefore, his writ of summons, dated August 10, 2016, and subsequent complaint, dated September 22, 2016, were filed after the two-year statute of limitations had already expired. There were no additional factual determinations necessary. Thus, as a matter of law, the trial court properly sustained Lizza's preliminary objections and struck the complaint. As a result of this disposition, we need not address Appellant's remaining contentions.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/13/2018

- 9 -