J-S28022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| VICTORIA WOODLAND, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WEIGH SCALES MINI STORAGE, | : | No. 1989 MDA 2017 |
| INC., WEIGH SCALES MINI | : | |
| STORAGE; RONALD VENN AND ISLE | : | |
| VENN | : | |

Appeal from the Order Entered, October 12, 2017,
in the Court of Common Pleas of Northumberland County,
Civil Division at No(s):  CV-17-959.

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED JULY 17, 2018**

Victoria Woodland appeals from the order sustaining Weigh Scales Mini Storage, Inc., Weigh Scales Mini Storage, and Ronald and Isle Venn's (collectively "Weigh Scales") preliminary objections in the nature of a demurrer on the basis that the statute of limitations expired on her claims. We affirm.

In October 2014, Ms. Woodland rented a storage unit from Weigh Scales.  There, she stored various items from a three bedroom house and her most treasured belongings, including many books, paintings and momentos.  She did not go to her storage unit for several months.  In late March 2015, Ms. Woodland visited her storage unit and discovered that it was completely

infested with mice and covered with mouse droppings. Many of her things were ruined.

Weigh Scales waived rent for the months of April and May 2015, but refused to return Ms. Woodland's $35 security deposit. Weigh Scales required her to vacate the unit by May 31, 2015.

Due to illness, Ms. Woodland was unable to remove her possessions from the unit or address the infestation until May 2015. At that time, she brought what was salvageable to her apartment and threw away what was not.

In January 2016, after being misdiagnosed with multiple sclerosis in December, Ms. Woodland was diagnosed with lyme's disease. According to Ms. Woodland, mice give lyme's disease to deer. She did not learn this until the spring of 2016.

Representing herself, Ms. Woodland initiated this lawsuit on May 24, 2017, by filing an untitled document, essentially in the form of a complaint. Therein, she set forth counts for negligence, misrepresentation, and infliction of emotional distress, which caused her to suffer property damage and personal injuries. Ms. Woodland sought compensatory damages in the amount of $361.77 and $1,000,000 in punitive damages.

Weigh Scales filed several preliminary objections in the nature of a demurrer, one of which was based upon the expiration of the statute of limitations set forth in 42 Pa.C.S.A. § 5524(2) and § 5524(7), an objection for failure to conform to rule of law, and an objection in the form of a motion to

strike the punitive damages claim. Ms. Woodland did not file a response to Weigh Scales' preliminary objections.

By Order dated October 12, 2017, the trial court sustained Weigh Scales' preliminary objection in the nature of a demurrer on the basis that Ms. Woodland filed her complaint beyond the two-year statute of limitations.[1] The trial court did not address the remaining preliminary objections, given its dismissal of the complaint, but indicated that the remaining objections had merit and would also serve as grounds for dismissing or striking the complaint. Trial Court Opinion, 1/23/18, at 2. Ms. Woodland timely appealed.[2]

By order filed December 20, 2017, the trial court directed Ms. Woodland to file a concise statement of errors complained of on appeal pursuant to

---

[1] Pa. R.C.P. 1030 provides that a statute of limitations defense is properly raised in new matter. However, where a party improperly raises the statute of limitations in preliminary objections rather than by answer and new matter, "the failure of the opposing party to file preliminary objections to the defective preliminary objections, raising the erroneous defenses, waives the procedural defect and allows the trial court to rule on the preliminary objections." *Preiser v. Rosenzweig*, 614 A.2d 303, 305 (Pa. Super. 1992). Because Ms. Woodland did not object to Weigh Scales' assertion of the statute of limitations via preliminary objection, the trial court properly considered the issue.

[2] Originally, the filing office for Northumberland Court of Common Pleas rejected the filing of Ms. Woodland's appeal on November 13, 2016, the appeal due date, for failure to pay the appropriate fee or file an application for leave to proceed *in forma pauperis*. However, pursuant to Ms. Woodland's request to this Court to address the timeliness of her appeal, we directed the trial court to docket her appeal as of November 13, 2016, on the grounds that failure to pay was not a proper basis to reject her appeal, and further, that the prothonotary does not have the authority to reject a timely filed appeal. Superior Court Order, 12/14/17.

Pa.R.A.P. 1925(b) within twenty-one (21) days. Ms. Woodland, however, did not file this statement until January 18, 2017, eight days after it was due. The trial court noted the untimeliness of her statement in its opinion filed on January 23, 2018, but recognizing the need to give *pro se* litigants some leeway, the trial court still provided a 1925(a) opinion addressing the merits of her appeal. We, however, cannot ignore her untimely filing.

In **Greater Erie Industrial Develop. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222 (Pa. Super. 2014) *(en banc)*, this court held that the "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b)[,]" including the failure to timely file a concise statement of errors, "will result in **automatic waiver** of the issues raises". **Id.** at 224 (internal quotes omitted; emphasis in original). As such "it is no longer within this Court's discretion to review the merits of an untimely Rule 1925(b) statement based solely on the trial court's decision to address the merits of those untimely raised issues." **Id.** at 225. In an *en banc* decision, this Court concluded, "[w]e are constrained to find all of [a]ppellant's issues waived for failure timely to file its Rule 1925(b) statement. Because [a]ppellant has waived all of its issues on appeal, we may not address the merits of those issues." **Id.** at 227. The same result is required in this case.

We note that "[w]hile this Court is willing to liberally construe materials filed by a *pro se* litigant, . . . [a *pro se*] appellant is not entitled to any particular advantage because she lacks legal training." **O'Neill v. Checker Motors Corp.**, 567 A.2d 680, 682 (Pa. Super. 1989). To the contrary, "[a]ny

- 4 -

person choosing to represent [herself] in a legal proceeding must, to a reasonable extent, assume that [her] lack of expertise and legal training will prove [her] undoing." *Id.* at 682 (*quoting* **Vann v. Commonwealth, Unemployment Comp. Bd. of Review**, 494 A.2d 1081, 1086 (Pa. 1985)).

Because Ms. Woodland filed her 1925(b) statement of errors complained of on appeal after the court ordered deadline, we must find that all of her issues are automatically waived.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/17/2018